# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| WB MUSIC CORP., MUSIC OF THE CORN, LORIMAR MUSIC A CORP., DUKE OF EARLE, HEAVY METAL DISCO, REHITS MUSIC, SONGS OF BLACK RIVER, I LOVE PIZZA MUSIC, and WHO WANTS TO BUY MY PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CHARLESTON HOSPITALITY GROUP, LLC and SAM MUSTAFA,<br><br>Defendants. | Civil Action No. 2:19-cv-559-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendants' Motion to Set Aside Default. (Dkt. No. 19.) For the reasons set forth below, the Court denies the motion without prejudice.

### I. Background

In February 2019, Plaintiffs filed this copyright infringement action against Defendants North Charleston Hospitality Group, LLC and Sam Mustafa (collectively "Defendants"). (Dkt. No. 1.) The Complaint alleges, generally, that the Defendants used copyrighted music without permission. (*Id.*) The Complaint was served upon Defendants in March 2019, and Defendants failed to file any Answer or Response within 21 days, as required by Rule 12 of the Federal Rules of Civil Procedure. (Dkt. Nos. 7, 8.) Thereafter, Plaintiffs' Requested an Entry of Default Against Defendants, and the clerk entered a default on April 19, 2019. (Dkt. Nos 9 – 12.) Defendants eventually filed Answers on May 14, 2019. (Dkt. Nos. 13, 14.)

Defendants now move to set aside default. (Dkt. No. 19.) Plaintiffs oppose, arguing that Defendants fail to articulate a meritorious defense and delayed filing their motion. (Dkt. No. 21.)

## II. Discussion

Under Rule 55 of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). This good cause standard is liberally construed "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987); *see also Tolson v Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.") (citations omitted).

In general, "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Defendants moved with reasonable promptness here, remaining active in the case since filing their Answers and responding to the clerk's Entry of Default within one month and before a default judgment was entered. (Dkt. No. 19.)

However, Defendants have not expressed a "meritorious defense." (Dkt. Nos. 13, 14). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Defendants have not presented or alleged any evidence whatsoever in their Answers and included no more than general denials of the Plaintiffs' detailed factual allegations or denials based on a lack of "sufficient

knowledge...." (Dkt. Nos. 13, 14.) Notably, Defendants do not clearly deny the paragraphs in the Complaint alleging unauthorized use of the copyrighted music, ¶¶ 18, 22 – 23, instead asserting a denial solely base on lack of "sufficient knowledge...."[1] (Dkt. Nos. 13 at ¶ 11; 14 at ¶ 11.) Notably, an action for copyright infringement does not require proof of intent or knowledge, and Defendants here do not unequivocally deny unauthorized use. *Sater Design Collection, Inc. v. Waccamaw Const., Inc.*, No. CIV.A. 4:08-CV-4133, 2011 WL 666146, at *7 (D.S.C. Feb. 14, 2011) ("Even an innocent infringer is liable for infringement[;] ... intent or knowledge is not an element of infringement.") *quoting Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1113 (2d Cir.1986). Defendants have therefore failed to provide a meritorious defense as they have not proffered any evidence which would permit a finding for the defaulting party. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default.") *quoting* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983).

However, the Court finds that while the default should not be set aside at this time, there are less drastic alternatives to allowing the entry of default to stand and an inevitable motion for a default judgment. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("When deciding whether to set aside an entry of default, a district court should consider...the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.") (citations omitted). Notably, there is little risk of prejudice to Plaintiffs as the case was filed on February

---

[1] Even where Defendants do include denials, such as regarding notice of their use of copyrighted material and Plaintiffs attempts to contact Defendants, they are no more than general denials of the allegations of the Complaint without any proffer of evidence. (*Id.* at ¶¶ 8, 10, 12.)

25, 2019 and no litigation has yet taken place, and there is no evidence of a history of dilatory action by Defendants outside of the failure to respond to the Complaint. The Court also finds that less drastic alternatives are available, and will deny Defendants' motion without prejudice subject to the "subsequent submission of prima facie evidence of meritorious defenses." *Charowsky v. Kurtz*, No. CIV. A. 98-5589, 1999 WL 1038334, at *3 (E.D. Pa. Nov. 8, 1999) (collecting cases). Defendants will therefore have thirty days from the date of this order to present the Court with facts constituting evidence of a meritorious defense. Plaintiffs may do so with a renewed motion to set aside the default.

### III. Conclusion

The Court therefore **DENIES WITHOUT PREJUDICE** Defendants' Motion to Set Aside Default (Dkt. No. 19). This Order is **SUBJECT TO RECONSIDERATION** if, within **THIRTY (30) DAYS** of this Order, Defendants submit to the Court a renewed motion which includes facts constituting evidence of a meritorious defense.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

June 18, 2019
Charleston, South Carolina